

ORIGINAL

Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

FILED 05 MAY '11 15:34 USDC-ORP

Attorneys for Plaintiffs

R. Charles Henn Jr., chenn@kilpatricktownsend.com
Charles H. Hooker III, chooker@kilpatricktownsend.com
Nichole Davis Chollet, nchollet@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

Of Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.** and **ADIDAS AG**, <br><br> Plaintiffs, <br><br> v. <br><br> **LANDS' END, INC.,** <br><br> Defendant. | CV '11 No.- 552 HU <br><br> **COMPLAINT** <br> (Trademark Infringement, Unfair Competition, Trademark Dilution, and Deceptive Trade Practices) <br><br> **DEMAND FOR JURY TRIAL** |

1-  COMPLAINT

21184-0092/LEGAL20472800.1

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") state the following for their Complaint against Defendant Lands' End, Inc. ("Lands' End").

## I.    INTRODUCTION

1.    This is an action at law and in equity for trademark infringement and dilution, unfair competition, and unfair business practices, arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2009) ("Lanham Act"); the anti-dilution laws of several states; the fair business practices and unfair and deceptive trade practices acts of several states; and the common law.

2.    For decades, adidas has manufactured, sold, and promoted footwear bearing its famous and distinctive Three-Stripe trademark (the "Three-Stripe Mark"). As identified below, adidas owns numerous incontestable federal trademark registrations for its Three-Stripe Mark for footwear, and adidas has invested millions of dollars building its brand in connection with the Three-Stripe Mark.

3.    Despite Lands' End's knowledge of adidas's rights in the famous Three-Stripe Mark, Lands' End is designing, sourcing, manufacturing, importing, distributing, marketing, promoting, offering for sale, and selling footwear bearing a confusingly similar imitation of adidas's Three-Stripe Mark. Lands' End's footwear is not manufactured by adidas, nor is Lands' End connected, affiliated, or associated with, or authorized by, adidas in any way. Lands' End's merchandise is likely to cause consumer confusion, deceive the public regarding its source, and dilute and tarnish the distinctive quality of adidas's Three-Stripe Mark.

## II.    JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over adidas's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

5.    This Court has personal jurisdiction over Lands' End because, on information and belief, Lands' End has imported, distributed, offered for sale, sold, or shipped merchandise to

2-   COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

21184-0092/LEGAL20472800.1

persons within the State of Oregon, Lands' End regularly transacts and conducts business within this State, or has otherwise made or established contacts within this State sufficient to permit the exercise of personal jurisdiction.

6.      This District is the proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to adidas's claims occurred in this District.

### III.    PARTIES

7.      Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

8.      Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217.  adidas America, Inc. is wholly-owned by adidas AG and its affiliates, and within this country adidas America, Inc. is a licensed distributor of ADIDAS-brand merchandise, including goods bearing the distinctive Three-Stripe Mark.  adidas AG and adidas America, Inc., as well as any predecessors or related entities, are collectively referred to as "adidas."

9.      On information and belief, Defendant Lands' End, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Lands End Lane, Dodgeville, Wisconsin 53533.

### IV.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

10.      adidas is currently, and for years has been, one of the world's leading manufacturers of athletic footwear, sportswear, and sporting equipment.  Over fifty-five years ago, adidas first placed three parallel stripes on its athletic shoes, and the Three-Stripe Mark came to signify the quality and reputation of adidas footwear to the sporting world early in the company's history.

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

11.     At least as early as 1952, adidas began using the Three-Stripe Mark on footwear sold in the United States and worldwide.  The Three-Stripe Mark quickly came to signify the quality and reputation of adidas footwear.  Examples of adidas's footwear bearing the Three-Stripe Mark are depicted below, and pages from adidas's catalogs featuring additional examples of footwear bearing the Three-Stripe Mark are attached as **Exhibit 1**.

**adidas Campus**

  

**adidas Gazelle**

  

**adidas Terrex Fast X FM**                    **adidas Kanadia Trail 3**

 

12.     adidas is the owner of a federal trademark registration, Reg. No. 1,815,956, issued by the United States Patent and Trademark Office ("PTO") on January 11, 1994, for the Three-Stripe Mark, as depicted below, for "athletic footwear."



4-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

21184-0092/LEGAL20472800.1

Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 2**.

13.     adidas is the owner of a federal trademark registration, Reg. No. 1,833,868, issued by the PTO on May 3, 1994, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."



Affidavits have been filed pursuant to Section 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 3**.

14.     adidas is the owner of a federal trademark registration, Reg. No. 2,278,589, issued by the PTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."



Affidavits have been filed pursuant to Section 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 4**.

15.     adidas is the owner of a federal trademark registration, Reg. No. 3,029,129, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, covering "footwear."

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0092/LEGAL20472800.1



Affidavits have been filed pursuant to Section 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 5**.

16.    adidas is the owner of a federal trademark registration, Reg. No. 3,029,135, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, covering "footwear."



Affidavits have been filed pursuant to Section 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 6**.

17.    adidas owns numerous additional trademark registrations, a number of which are incontestable, for the Three-Stripe Mark covering footwear and various items of apparel, including U.S. Reg. Nos. 870,136, 961,353, 2,016,963, 2,058,619, 2,278,591, 2,284,308, 2,909,861, 2,999,646, 3,029,127, 3,063,742, 3,063,745, 3,087,329, 3,183,656, 3,183,663, and 3,236,505. Copies of the Certificates of Registration for each of these marks are attached collectively as **Exhibit 7**.

6-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

21184-0092/LEGAL20472800.1

18.    Additionally, adidas owns federal registrations for verbal trademarks using the phrase "three stripes," including THE BRAND WITH THE THREE STRIPES, Reg. No. 1,674,229, for "sport and leisure wear." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 8**.

19.    adidas's Three-Stripe Mark is well-known and famous and has been for many years. adidas has used the Three-Stripe Mark in connection with its frequent sponsorship of athletic tournaments and organizations, as well as professional athletes and collegiate sports teams. For example, adidas has long-term relationships with Notre Dame, the University of California at Los Angeles, the University of Nebraska, the University of Michigan, and the University of Tennessee. Among many others, NBA stars Tim Duncan and Dwight Howard, baseball star Ryan Howard, and professional golfers Sergio Garcia and Reteif Goosen all are sponsored by adidas. For many years, adidas has been a sponsor of the World Cup soccer tournament, the world-famous Boston Marathon, and many other events, teams, and individuals. Recently, for example, adidas was an official sponsor of the 2010 FIFA World Cup in South Africa, watched by millions in the United States and around the world. Many of the world's leading soccer players wore adidas cleats bearing the Three-Stripe Mark. Numerous teams, including the world champions, Spain, also wore uniforms featuring adidas's Three-Stripe Mark. Such prominent use of the Three-Stripe Mark in connection with widely viewed activities has further enhanced the Three-Stripe Mark's recognition and fame.

20.    The Three-Stripe Mark is non-functional, and the public recognizes and understands that the Three-Stripe Mark distinguishes and identifies adidas's merchandise. Indeed, unsolicited media coverage has referred to adidas's "ubiquitous three stripes" (*The Oregonian*, March 15, 2011), the "trademark three-stripe logo" (*New York Times*, July 27, 2009), the "iconic three stripes" (*Footwear News*, June 16, 2008), the "signature three stripes" (*L.A.*

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0092/LEGAL.20472800.1

*Times*, August 13, 2004), the "famous brand with three stripes" (*San Francisco Chronicle*, July 7, 2002), and the "legendary Adidas three stripes" (*Brand Strategy*, September 27, 1999).

21.    For decades, adidas extensively and continuously has used and promoted the Three-Stripe Mark in connection with footwear and apparel.  In recent years, annual sales of products bearing the Three-Stripe Mark have totaled in the billions of dollars globally and in the hundreds of millions of dollars within the United States.  The Three-Stripe Mark has achieved international fame and tremendous public recognition.

22.    Since introducing its Three-Stripe Mark, adidas has spent millions of dollars promoting the mark and products bearing the mark.  For example, in March 2011, adidas launched an advertising campaign in the United States "featuring Chicago Bulls guard Derrick Rose [], rapper B.o.B and pop singer Katy Perry, among others," that "highlights [adidas's] imprint on the worlds of sports, music and fashion[,]" and "show[s] the breadth and depth of the Adidas brand[.]" (*The Oregonian*, March 15, 2011).  A copy of the March 15, 2011 article from *The Oregonian* describing adidas's new advertising campaign is attached as **Exhibit 9**.  As a result of adidas's continuous and exclusive use of the Three-Stripe Mark in connection with its products, the mark enjoys wide public acceptance and association with adidas, and has come to be recognized widely and favorably by the public as an indicator of the origin of adidas's goods.

23.    As a result of adidas's extensive use and promotion of the Three-Stripe Mark, adidas has built up and now owns extremely valuable goodwill that is symbolized by the mark. The purchasing public has come to associate the Three-Stripe Mark with adidas.

### V.    LANDS' END'S UNLAWFUL ACTIVITIES

24.    In blatant disregard of adidas's rights, Lands' End is designing, manufacturing, sourcing, importing, distributing, marketing, promoting, offering for sale, and/or selling footwear in interstate commerce that bears a confusingly similar imitation of adidas's Three-Stripe Mark (the "Infringing Footwear").  Representative examples of Lands' End's Infringing Footwear are depicted below:

8-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Lands' End "Boys' Classic Skate Shoe"**

  

**Lands' End "Men's Slip-on Trekker Shoes"**

 

25.     On information and belief, Lands' End was familiar with adidas's Three-Stripe Mark when it began designing, manufacturing, sourcing, importing, distributing, marketing, promoting, offering for sale, or selling the Infringing Footwear identified in this Complaint. On further information and belief, Lands' End intentionally adopted and used substantially indistinguishable and confusingly similar imitations of the Three-Stripe Mark knowing that it would mislead and deceive consumers into believing that the footwear was produced, authorized, or licensed by adidas, or that the footwear originated from adidas.

26.     The Infringing Footwear designed, manufactured, sourced, imported, distributed, marketed, promoted, offered for sale, or sold by Lands' End is not manufactured by adidas. Nor is Lands' End associated or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

27.     adidas used the Three-Stripe Mark extensively and continuously before Lands' End began designing, manufacturing, sourcing, importing, distributing, marketing, promoting, offering for sale, or selling a confusingly similar imitation of adidas's footwear.

9-   COMPLAINT

21184-0092/LEGAL20472800.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

28.     The footwear sold by Lands' End is similar to, and competes with, goods sold by adidas, and the parties' products are sold through overlapping channels of trade.

29.     Lands' End's use of a confusingly similar imitation of adidas's Three-Stripe Mark is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the footwear sold by Lands' End is manufactured by, authorized by, or in some manner associated with adidas, which it is not.  The likelihood of confusion, mistake, and deception engendered by Lands' End's misappropriation of adidas's mark is causing irreparable harm to the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

30.     Lands' End's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing Lands' End's Infringing Footwear at the point of sale or on a wearer are likely – due to Lands' End's use of a confusingly similar imitation of the Three-Stripe Mark – to mistakenly attribute the product to adidas.  This is particularly damaging with respect to those people who perceive a defect or lack of quality in Lands' End's products.  By causing such a likelihood of confusion, mistake, and deception, Lands' End is inflicting irreparable harm on the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

31.     On information and belief, Lands' End continues to use a confusingly similar imitation of adidas's Three-Stripe Mark in connection with the sale of footwear that competes with footwear manufactured and sold by adidas.  Lands' End began selling the Infringing Footwear well after adidas had established protectable rights in its Three-Stripe Mark and well after the Three-Stripe Mark had become famous.

32.     On information and belief, Lands' End knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar imitation of adidas's Three-Stripe Mark.

33.     adidas has attempted to resolve this dispute short of litigation.  Specifically, adidas has communicated with Lands' End in an attempt to reach a resolution of the parties' dispute.  But despite adidas's best efforts, these attempts have not been successful.

10- COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0092/LEGAL20472800.1

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

34.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

35.     Lands' End's use of a confusingly similar imitation of adidas's Three-Stripe Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Lands' End's products are manufactured, produced, distributed, endorsed, sponsored, approved, or licensed by adidas, or are associated or connected with adidas.

36.     Lands' End has used a mark confusingly similar to adidas's federally registered Three-Stripe Mark in violation of 15 U.S.C. § 1114.  Lands' End's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by the registered Three-Stripe Mark, for which adidas has no adequate remedy at law.

37.     Lands' End's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's federally registered Three-Stripe Mark to adidas's great and irreparable injury.

38.     Lands' End has caused and is likely to continue causing substantial injury to the public and to adidas, and adidas is entitled to injunctive relief and to recover Lands' End's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

39.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

11- COMPLAINT

21184-0092/LEGAL20472800.1

40.     Lands' End's use of a confusingly similar imitation of adidas's Three-Stripe Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Lands' End's goods are manufactured or distributed by adidas, are affiliated, connected, or associated with adidas, or have the sponsorship, endorsement or approval of adidas.

41.     Lands' End has made false representations, false descriptions, and false designations of its goods in violation of 15 U.S.C. § 1125(a).  Lands' End's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, as well as injury to adidas's goodwill and reputation as symbolized by the Three-Stripe Mark, for which adidas has no adequate remedy at law.

42.     Lands' End's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

43.     Lands' End's conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas.  adidas is entitled to injunctive relief and to recover Lands' End's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## THIRD CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

44.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

45.     Lands' End has been and is passing off its goods as those of adidas, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Lands' End's goods, causing a likelihood of confusion as to Lands' End's affiliation, connection, or association with adidas, and otherwise damaging adidas and the consuming public.  Lands' End's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or

12- COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

commerce in violation of the unfair and deceptive trade practices statutes of several states,

including California, CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); Colorado,

COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN.

tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009);

Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN.

ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West

2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV.

STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22

(Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV.

CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN.

tit. 78, §§ 51 to 55 (West 2009).

46.     Lands' End's unauthorized use of a confusingly similar imitation of adidas's

Three-Stripe Mark has caused and is likely to cause substantial injury to the public and to adidas.

adidas is entitled to injunctive relief and to recover damages, and, if appropriate, punitive

damages, costs, and reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

47.     adidas repeats and incorporates by reference the allegations in the preceding

paragraphs.

48.     Lands' End's acts constitute common law trademark infringement and unfair

competition, and have created and will continue to create, unless restrained by this Court, a

likelihood of confusion to the irreparable injury of adidas. adidas has no adequate remedy at law

for this injury.

49.     On information and belief, Lands' End acted with full knowledge of adidas's use

of, and statutory and common law rights to, the Three-Stripe Mark and without regard to the

likelihood of confusion of the public created by Lands' End's activities.

13- COMPLAINT

21184-0092/LEGAL20472800.1

50.     Lands' End's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

51.     As a result of Lands' End's acts, adidas has been damaged in an amount not yet determined or ascertainable.  At a minimum, however, adidas is entitled to injunctive relief, an accounting of Lands' End's profits, damages, and costs.  Further, in light of the deliberately fraudulent and malicious use of a confusingly similar imitation of adidas's Three-Stripe Mark, and the need to deter Lands' End from engaging in similar conduct in the future, adidas additionally is entitled to punitive damages.

## FIFTH CLAIM FOR RELIEF
### (Federal Trademark Dilution)

52.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

53.     For decades, adidas has exclusively and continuously promoted and used the registered Three-Stripe Mark both in the United States and throughout the world.  The mark, therefore, had become a famous and well-known symbol of adidas and its products well before Lands' End designed, sourced, manufactured, imported, distributed, marketed, promoted, offered for sale, or sold the footwear identified in this Complaint.

54.     Lands' End is making use in commerce of a mark that dilutes and is likely to dilute the distinctiveness of adidas's Three-Stripe Mark by eroding the public's exclusive identification of the famous Three-Stripe Mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of the Three-Stripe Mark, and otherwise lessening the capacity of the Three-Stripe Mark to identify and distinguish adidas's goods.

55.     Lands' End's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the Three-Stripe Mark to the great and irreparable injury of adidas.

14- COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0092/LEGAL20472800.1

56.    Lands' End has caused and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous and distinctive Three-Stripe Mark in violation of 15 U.S.C. § 1125(c).  adidas therefore is entitled to injunctive relief and to Lands' End's profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

**SIXTH CLAIM FOR RELIEF**
**(State Trademark Dilution and Injury to Business Reputation)**

57.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

58.    adidas has extensively and continuously promoted and used the registered Three-Stripe Mark both in the United States and throughout the world, and the mark had thereby become a distinctive, famous, and well-known symbol of adidas's goods and services well before Lands' End designed, sourced, manufactured, imported, distributed, marketed, promoted, offered for sale, or sold the footwear identified in this Complaint.

59.    Lands' End's unauthorized imitation of adidas's Three-Stripe Mark dilutes and is likely to dilute the distinctiveness of adidas's mark by eroding the public's exclusive identification of this famous and well-known mark with adidas, and tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish adidas's goods and services.

60.    Lands' End is causing and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of the Oregon anti-dilution statute, O.R.S. § 647.107 (2009), as well as the anti-dilution laws of several other states, including Alabama, ALA. CODE § 8-12-17 (2009); Alaska, ALASKA STAT. § 45.50.180 (Michie 2009); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2009); Arkansas, ARK. CODE ANN. § 4-71-213 (2009); California, CAL. BUS. & PROF. CODE § 14247 (West 2009); Connecticut, CONN. GEN. STAT. ANN

15- COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0092/LEGAL20472800.1

§ 35-11i(c) (West 2009); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2009); Florida, FLA. STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN. § 10-1-451 (2009); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO CODE § 48-513 (Michie 2009); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa, IOWA CODE ANN. § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009); Kansas, KAN. STAT. ANN. § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2009); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2009); Minnesota, MINN. STAT. ANN. § 333.285 (West 2009); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2009); Montana, MONT. CODE ANN. § 30-13-334 (2009); Nebraska, NEB. REV. STAT. ANN. § 87-140 (Michie 2009); Nevada, NEV. REV. STAT. 600.435 (2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2009); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2009); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2009); New York, N.Y. GEN. BUS. Law § 360-l (2009); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2009); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2009); South Carolina, S. C. CODE ANN. § 39-15-1165 (2009); Tennessee, TENN. CODE ANN. § 47-25-513 (2009); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-3a-403 (2009); Washington, WASH. REV. CODE ANN. § 19.77.160 (West 2009); West Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2009); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2009).  adidas therefore is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, adidas prays that:

1.     Lands' End and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from

16- COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0092/LEGAL20472800.1

Lands' End, or in concert or participation with Lands' End, and each of them, be enjoined

permanently, from:

> a.  using adidas's Three-Stripe Mark or any other copy, reproduction,
>
> colorable imitation, or simulation of adidas's Three-Stripe Mark on or in
>
> connection with Lands' End's products;
>
> b.  using any trademark, logo, design, or source designation of any
>
> kind on, or in connection with, Lands' End's goods that is a copy,
>
> reproduction, colorable imitation, or simulation of, or confusingly similar
>
> to adidas's Three-Stripe Mark;
>
> c.  using any trademark, logo, design, or source designation of any
>
> kind on or in connection with Lands' End's goods that is likely to cause
>
> confusion, mistake, deception, or public misunderstanding that such
>
> goods are produced or provided by adidas, are sponsored or authorized by
>
> adidas, or are in any way connected or related to adidas;
>
> d.  using any trademark, logo, design, or source designation of any
>
> kind on or in connection with Lands' End's goods that dilutes or is likely
>
> to dilute the distinctiveness of the trademarks or logos of adidas; and
>
> e.  passing off, palming off, or assisting in passing off or palming off
>
> Lands' End's goods as those of adidas, or otherwise continuing any and all
>
> acts of unfair competition as alleged in this Complaint;

2.  Lands' End be ordered to cease offering for sale, marketing, promoting, and

selling, to remove from retail stores, and to recall and retrieve all products bearing the Three-

Stripe Mark or any confusingly similar variation of the Three-Stripe Mark, which are in Lands'

End's possession or have been shipped by Lands' End or under its authority, to any store or

customer, including, but not limited to, any wholesaler, distributor, distribution center, retail

17- COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

21184-0092/LEGAL20472800.1

store, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Lands' End;

3.    Lands' End be ordered to deliver up for impoundment and for destruction, all footwear, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, stationary, or other materials in the possession, custody, or under the control of Lands' End that are found to adopt, use, infringe, or dilute any of adidas's trademarks, or that otherwise unfairly compete with adidas and adidas's products;

4.    Lands' End be compelled to account to adidas for any and all profits derived by Lands' End from the sale or distribution of infringing goods as described in this Complaint;

5.    adidas be awarded all damages caused by the acts forming the basis of this Complaint;

6.    Based on Lands' End's knowing and intentional use of a confusingly similar imitation of adidas's Three-Stripe Mark, the damages awarded be trebled and the award of Lands' End's profits be enhanced as provided for by 15 U.S.C. §§ 1117(a) and (b);

7.    Lands' End be required to pay to adidas the costs and reasonable attorneys' fees incurred by adidas in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

8.    Based on Lands' End's willful and deliberate infringement and/or dilution of adidas's marks, and to deter such conduct in the future, adidas be awarded punitive damages;

9.    Lands' End be required to pay prejudgment and post-judgment interest on the damages and profits awards; and

10.    adidas have such other and further relief as the Court may deem just.

18- COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

21184-0092/LEGAL20472800.1

## JURY TRIAL DEMAND

adidas respectfully demands a trial by jury on all claims and issues so triable.

DATED: May 5, 2011

**PERKINS COIE LLP**

By: _____
Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorney for Plaintiffs

R. Charles Henn Jr.
Charles H. Hooker III
Nichole Davis Chollet
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone:  404.815.6500
Facsimile:  404.815.6555

Of Counsel for Plaintiffs

19- COMPLAINT

21184-0092/LEGAL20472800.1